FILED
SUPERIOR COURT
OF GUAM

2023 SEP -8 PM 5: 07

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | Criminal Case No. CF0260-21 |
| | GPD Report No. 21-12673 |
| v. | |
| ADSON WARAN, *aka* Adson M. Waran, | |
| *aka* Rotuck Muritok, *aka* Atson Warren, | **DECISION AND ORDER** |
| *aka* Hutson Peter, *aka* Atson Simao, | **GRANTING** |
| *aka* Atson Waren, *aka* Peter Hutson, | **REVOCATION OF PROBATION** |
| *aka* Loose Pilliase, | |
| DOB: 08/13/1996 or 08/20/1996 or | |
| 08/18/1997 or 08/19/1997 | |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 10, 2023 for hearing on the People of Guam's ("the People's") Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People were represented by Assistant Attorney General Kristine Borja. Adson Waran (*aka* Adson M. Waran) (*aka* Rotuck Muritok) (*aka* Atson Warren) (*aka* Hutson Peter) (*aka* Atson Simao) (*aka* Atson Waren) (*aka* Peter Hutson) (*aka* Loose Pilliase) ("Defendant") was represented by Assistant Public Defender Jocelyn Roden. Having duly considered the Parties' arguments and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

In October 2021, Defendant plead guilty to Terrorizing (as a 3rd Degree Felony). See Judgment of Conviction (Nov. 16, 2021). A judgment was entered imposing the following relevant conditions of probation:

- MANDATORY REPORTING: Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- COUNSELING/TREATMENT: Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- COUNSELING/TREATMENT: Defendant shall report to the Adult Probation Office for an intake and a drug and alcohol assessment. If referred to the Guam Behavioral Health and Wellness Center (GBWHC), Defendant shall follow all treatment plans as may be recommended by the drug and alcohol assessment counselor.

- COMMUNITY SERVICE: Defendant shall complete one hundred fifty (150) hours of community service under the direction of the Adult Probation Office.

- FINE: Defendant shall pay a fine of two thousand dollars ($2,000.00) plus court costs of eighty dollars ($80.00).

- COURT ORDERS: Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

- LAWS: Defendant shall obey all federal and local laws of Guam.

- NO DRUGS: Defendant shall not possess or consume any illegal controlled substances or marijuana.

Id.

In January 2022, a violation report was filed indicating that Defendant was in violation of several conditions of his probation. Specifically, Defendant hadn't reported to the Adult Probation

Office for several months, hadn't reported to CSFC or the GBHWC for a required counseling intake/assessment, and hadn't made any progress on completing his community service hours or paying off his fines/court costs. See 1st Violation Report (Jan. 3, 2022).

The Court then scheduled this case for Further Proceedings on March 31, 2022, issuing a summons for Defendant's appearance. See Summons (Jan. 10, 2022). Defendant disobeyed the Court's order and skipped the scheduled hearing. See Minute Entry (Mar. 31, 2022). A bench warrant was issued and Defendant was subsequently arrested. See Criminal Bench Warrant (Apr. 5, 2022); Return of Warrant Service (Apr. 12, 2022).

The Court found Defendant in contempt and ordered him to serve five (5) days incarceration, with conditions that he report to the Probation Office following his release. See Minute Entry (Apr. 12, 2022). However, following his release, Defendant failed to report to the Adult Probation Office as required. See 2nd Violation Report (Jun. 22, 2022).

In May 2022, Defendant was arrested again, this time being indicted in CF0304-22 on new charges of Theft of a Motor Vehicle (as a 2nd Degree Felony), Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony), and Operating a Motor Vehicle Without a Valid Operator's License (as a Violation). See 3rd Violation Report (Jul. 11, 2022).

In February 2023, Defendant was arrested again, this time being indicted in CF0114-23 on new charges of Burglary (as a 2nd Degree Felony), Theft (as a Misdemeanor), and Criminal Mischief (as a Misdemeanor). See 4th Violation Report (Mar. 7, 2023).

Following this latest incident, the People subsequently filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence. Defendant opposes revocation, claiming he can complete his probation requirements if given another chance. See Opposition to Motion (Mar. 30, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The violation reports indicate that Defendant violated over a half-dozen of his probation conditions. Defendant's culpable conduct includes repeatedly failing to report to the Adult Probation Office, failing to comply with court orders, failing to attend his counseling programs, and failing to make progress on both paying off his fines and completing his required community service hours. Defendant was also indicted in two new felony cases since entering probation, establishing an ongoing pattern of criminal behavior.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant has repeatedly failed to comply with court orders, and he has presented nothing indicating this behavior will change in the future. Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** Adson Waran's (*aka* Adson M. Waran's) (*aka* Rotuck Muritok's) (*aka* Atson Warren's) (*aka* Hutson Peter's) (*aka* Atson Simao's) (*aka* Atson Waren's) (*aka* Peter Hutson's) (*aka* Loose Pilliase's) probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao, with credit for time served. This period of incarceration

shall run consecutive to any other incarceration Defendant serves. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this  September 8,  2023



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**